# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DEON COSTALES, | 1:09-cv-01702-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM |
| v. | |
| JAMES HARTLEY, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

Petitioner filed the instant petition for writ of habeas corpus on September 28, 2009. (Court Doc. 1.)

**DISCUSSION**

A.    <u>Procedural Grounds for Summary Dismissal</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not

be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.      Failure to State a Cognizable Claim

In the instant petition, Petitioner contends that the trial court erred in imposing a consecutive term of three years under California Penal Code section 12022.5(a) and he was denied his right to counsel during the presentence probation officer's interview.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Under section 2254, this Court is limited to determining whether a conviction or sentence violates the Constitution, laws, or treaties of the United States. 28 U.S.C. 2254. Habeas corpus relief is not available for errors of state law. Estelle v. McQuire, 502 U.S. 62 (1991). Absent fundamental unfairness, federal habeas relief is not available for a state court's misapplication of its own sentencing laws. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (petition not entitled to habeas relief on claim state court improperly used his prior conviction to enhance his

sentence); Miller v. Vasquez, 868 F.2d 1116, 1118-1119 (9th Cir. 1989) (claim that prior conviction was a not a "serious felony" under California's sentence enhancement statute not cognizable in federal habeas proceeding). Therefore, Petitioner's claim that the sentencing court erred in imposing consecutive term under California Penal Code section 12022.5(a), is not cognizable on federal habeas review.

The Sixth Amendment right to counsel guarantees a defendant assistance of counsel when confronted by "prosecutorial forces." Therefore, a defendant is only guaranteed counsel during adversarial and critical stages of the proceedings. United States v. Johnson, 935 F.2d 47, 50 (4th Cir. 1991); United States v. Benlian, 63 F.3d 824, 827 (9th Cir. 1995). A probation officer is not an agent of the prosecution, but is a neutral, information-gathering agent or arm of the court. See United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir. 1990). Thus, there is no Sixth Amendment right to counsel during the presentence interview by a probation officer. See Hoffman v. Arave, 236 F.3d 523, 537-538 (9th Cir. 2001) (routine presentence interview does not involve a critical stage of the adversary proceedings to invoke right to counsel).

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED for failure to state a cognizable federal claim; and

2. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

**Dated:   November 2, 2009**              /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE